THOMPSON, J.
 

 Louie Jones was convicted of having in his possession intoxicating liquors for sale for beverage purposes in violation of the Hood Bill (Acts 1921, No. 39). He was sentenced to pay a fine of $500 and costs and to serve 60 days in jail, and, on failure to pay the fine and costs, to serve an additional term of 6 months.
 

 In answer to a motion for a bill of particulars the district attorney stated that the liquor consisted of one half-gallon jar and one quart bottle of whisky and one gallon jar of wine.
 

 The record presents only two bills of exception for our consideration: (1) To the overruling of a motion for a new trial; and (2) the overruling of a motion in arrest of judgment.
 

 The motion f.or a new trial alleges: <a) That the judgment of the court is contrary to the law and the evidence; and (b) that the defendant has not v been charged with the violation of any law known to the state of Louisiana. The first complaint presents nothing for consideration by this court, and a sufficient answer to the second contention is that the Plood Bill is a law “known to the state of Louisiana,” and that law makes it an offense to possess intoxicating .liquors, such as whisky and wine, for sale for beverage purposes. The charge follows the words of the statute, and that is all that is required.
 

 The motion in arrest of judgment reiterates the last-mentioned ground in the motion for a new trial, which it is unnecessary further to consider.
 

 A second complaint, however, is that the information does not charge that the defendant had whisky or intoxicating liquor in his possession for sale or otherwise, “without a legal permit from the proper federal authorities,” as set forth in Act 39 of 1921, which is a material factor to be alleged and proved before defendant can be legally convicted or sentenced.
 

 The information specifically alleges that the defendant did unlawfully have in his possession for sale for beverage purposes the liquors described, and this was sufficient. The possession being characterized as unlawful and in violation of the statute, it was not necessary nor was it required of the state to allege that the said possession was without a legal permit from the federal authorities. The affirmative charge of unlawful possession involved the negative that the possession was lawful or by permit.
 

 “In general, and subject to exceptions growing out of doctrines already stated, an exception or proviso which is not in the enacting clause, whether in the same section with it or not, need not be negatived.”
 

 “If a statute makes an act punishable, and adds, ‘provided’ in such and such circumstances the punishment shall not be incurred, the proviso may be disregarded by the
 
 *405
 
 pleader.” Bishop’s Crim. Pro. vol. 1, p. 377.
 

 ' The conviction and sentence appealed from are affirmed.
 

 O’NIELL, O, X, is of the opinion that the sentence is excessive, but otherwise concurs.